**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOE HAND PROMOTIONS, INC.**
**407 E. Pennsylvania Blvd.**
**Feasterville, PA 19053,**

                       **Plaintiff,**
   v.                                                     **5:20-cv-894 (TJM/ML)**

**MICHAEL F. KESSLER, individually, and**
**as an officer, director, shareholder, member**
**and/or principal of K MAN KESSLER INC.**
**d/b/a West Side Tavern, and K MAN**
**KESSLER INC. d/b/a West Side Tavern,**

                         **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

On August 7, 2020, Plaintiff Joe Hand Promotions, Inc. filed its Complaint against Defendants Michael F. Kessler and K Man Kessler Inc. d/b/a West Side Tavern. Dkt. No. 1. It alleges unauthorized and illegal receipt and exhibition of the *Floyd Mayweather, Jr. v. Conor McGregor* broadcast on August 26, 2017 at West Side Tavern, a commercial business, without paying the sublicense fee to Plaintiff, in violation of 17 U.S.C. § 101, *et seq.*, 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq. Id.* Defendants Michael F. Kessler and K Man Kessler Inc. d/b/a West Side Tavern were served with the Summons and Complaint on November 7, 2020. *See* Dkt. No. 5.

1

On November 11, 2020, Plaintiff moved to continue for thirty days the Civil Case Management Plan deadline of November 12, 2020 and the Initial Conference set for November 18, 2020 at 1:30 PM by telephone before Magistrate Judge Lovric because Plaintiff had only recently served the defendants and they had until November 30, 2020 to file an answer, response, or pleading addressed to Plaintiff's Complaint. Dkt. No. 6. On November 12, 2020, Judge Lovric issued a Text Order rescheduling the Initial Conference to December 23, 2020 at 12:00 p.m. via telephone conference and stating that "[t]he Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties, on or before 12/16/2020." Dkt. No. 7. The Text Order also provided the telephone number and access code for the telephone conference. *Id.* On December 9, 2020, Judge Lovric issued a second Text Order indicating that the court's teleconferencing number and access code had been changed, and provided the new number and new access code for the upcoming conference. Dkt. No. 8. Because neither defendant had entered an appearance at this time, the docket does not reflect that these two Text Orders were served on either defendant at the time they were entered.[1]

On December 12, 2020, pursuant to Fed. R. Civ. P. 55(a) and L.R. 55.1, Plaintiff requested a Clerk's entry of default against both defendants because they defaulted in appearance in this matter. Dkt. No. 9. In Plaintiff's counsel's Declaration in support of the Clerk's entry of default, he asserts, *inter alia*, "[t]o date, none of the Defendants have answered the Summons and Complaint, and the time to do so has long since expired. On or about November 9, 2020, Defendant Michael F. Kessler contacted our firm and spoke

---

[1]The Docket contains a March 9, 2021 Docket Annotation indicating that a copy of the Docket Sheet and this Docket Annotation was sent on that date to "*Pro Se* Defendant via regular mail."

with my partner and had a brief conversation. During the conversation, Mr. Kessler did not seek an extension to respond to the Complaint." Jekielek Decl., Dkt. No. 9-1, ¶ 4.

On December 15, 2020, a Clerk's entry of default was noted and entered on the docket against Michael F. Kessler and K Man Kessler Inc. Dkt. No. 10. Also on December 15, 2020, Judge Lovric issued a Text Order indicating, *inter alia*, "[t]he Rule 16 initial conference scheduled for 12/23/2020, and the deadlines for filing of the Case Management Plan and exchange of mandatory disclosures, are STAYED without date." Dkt. No. 11. This Text Order also directed that "[w]ithin thirty (30) days of the date of this order, Plaintiff must either (1) move for default judgment pursuant to Fed. R. Civ. P. 55(b) and N.D.N.Y. L.R. 55.2, or (2) file a status report." *Id.* On January 19, 2021, Judge Lovric issued a Text Order indicating that "[o]n or before 1/26/2021, Plaintiff is directed to comply with Text Order 11, and either (1) move for default judgment pursuant to Fed. R. Civ. P. 55(b) and N.D.N.Y. L.R. 55.2, or (2) file a status report." Dkt. No. 12.

On January 26, 2021, Plaintiff moved pursuant to pursuant to Fed. R. Civ. P. 55(b)(2) for entry of Default Judgment against Defendants Michael F. Kessler and K Man Kessler Inc. d/b/a West Side Tavern because they failed to answer, plead, or otherwise respond to Plaintiff's Complaint. Dkt. No. 13. Plaintiff seeks $15,395.00 in damages and costs, and requests that the Court permit Plaintiff to file an application for attorneys' fees from Defendants. *See* Dkt. No. 13-6.

On March 8, 2021, Defendant Michael F. Kessler filed a letter indicating that in early August he received documents instructing him to participate in a telephone conference call, that he twice called that number as he was instructed to do, but twice he was put on hold for 30 to 40 minutes and was disconnected both times after being told the

3

conference was over. Dkt. No. 14. Kessler asserts that because he did not have a number to contact anyone, he contacted Plaintiff's attorney and was told the conference had been rescheduled. *Id.* He indicates that when he asked why he was not notified of this, he says that Plaintiff's counsel did not have an answer. *Id.* Kessler also asserts that he "never received any information on what he was supposed to do next." He contends:

> I'm not sure why this is even happening, I bought the program in question from DIRECTV. I payed [sic] for the programming in my monthly bill. I have not hired an attorney because I do not have the finances to do so. I would like to know what I am supposed to do next. I called the United States Northern District of New York and explained to the person on the phone what had happened, and she instructed me to write this letter and address it and sent [sic] it to the Judge and [sic] address she provided.

*Id.*

In an internal staff note on the docket dated February 17, 2021, a member of the Clerk's Office indicates that when Kessler contacted that office by phone to inquire about the new Initial Conference date, he confirmed that he "had received papers regarding the pending motion for default."

## II.   DISCUSSION

Courts within the Second Circuit have repeatedly stated the judicial preference to resolve matters on the merits and not on procedural default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F. 2d 504, 507 (2d Cir. 1991); *Nationwide Fire Insurance Company v. Rankin*, 199 F.R.D. 498 (W.D.N.Y. 2001). Liberally construing Kessler's *pro se* letter to raise the strongest argument it suggests, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)(courts must "liberally construe pleadings and briefs submitted by *pro se*

litigants, reading such submissions to raise the strongest arguments they suggest")(internal quotation marks omitted), it appears that Kessler intends to defend in this matter, that he believes he has a defense to the claims asserted here, and that because he could not afford to retain an attorney he has an excuse for failing to timely appear, answer, or submit a responsive pleading and wants direction from the court on how to proceed. Although the Court cannot provide legal advice on how Kessler should proceed, and offers no opinion on the legitimacy of Kessler's contentions, his letter could be interpreted as opposition to the default judgment motion and as a motion to vacate the entry of default and/or for leave to file a late answer.

"Entry of default is an extreme sanction, seen by courts as a 'weapon of last, rather than first resort.'" *Nelson v. Gleason*, No. 14CV870A, 2016 WL 6875857, at *2 (W.D.N.Y. Nov. 22, 2016)(quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "The Second Circuit has three criteria in determining whether 'good cause' exists to relieve a party of default: '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present.'" *Nelson*, 2016 WL 6875857, at *2 (quoting *Rolle v. Hardwick*, No. 14-cv-5247, 2016 U.S. Dist. LEXIS 60112, at *6 (E.D.N.Y. May 4, 2016), *adopted* 2016 U.S. Dist. LEXIS 68967 (E.D.N.Y. May 25, 2016), in turn citing *Diakuhara*, 10 F.3d at 96). The decision to set aside an entry of default is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."

5

*Diakuhara*, 10 F.3d at 95. Still, "because defaults are generally disfavored and reserved for rare occasions, when doubt exists as to whether a default should be . . . vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

> "[A] motion to file a late answer is closely analogous to a motion to vacate a default" since "the party seeking to answer is given the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had then moved under Rule 55(c) to set it aside." *Pension Benefit Guaranty Corp. v. Canadian Imperial Bank of Commerce*, 1989 WL 50171, *2 (S.D.N.Y.1989). "The practical effect of refusing to allow [the defendant] to answer is to enter a default against him." *Id.* In determining whether to grant a motion for leave to serve a late Answer, "[t]he relevant factors include whether the failure to answer was willful, whether [the defendant] has a meritorious defense, and whether [the plaintiff] would be prejudiced by allowing [the defendant] to enter the proceedings at this late date". *Id.*

*Graves v. Corr. Med. Serv.*, No. 11-CV-1005A M, 2015 WL 1823456, at *2 (W.D.N.Y. Apr. 22, 2015), *aff'd*, 667 F. App'x 18 (2d Cir. 2016).

Of course, even interpreting Kessler's letter as potentially raising motions to vacate the entry of default or for leave to file a late answer, the Court cannot rule on such motions at this juncture because the motions were not actually made thereby depriving Plaintiff of an opportunity to respond. While Kessler's letter cannot be applied to K Man Kessler Inc., *see United States v. Twenty Miljam–350 IED Jammers*, 669 F.3d 78, 91 (2d Cir. 2011)("[A] corporation is not allowed to appear in federal court except by a licensed attorney, and [a *pro se* litigant] as a non-attorney is not allowed, in federal court, to represent anyone other than himself.")(citations omitted), their interests at least as related to the default judgment motion appear to be so closely aligned that a default judgment as to the corporate defendant could render meaningless any defense Kessler might have to that motion. In light of the judicial preference of resolving matters on the merits and not on procedural

6

default, the Court will deny Plaintiff's motion for default judgment without prejudice and refer the matter to Judge Lovric to explore whether Kessler intends to file motions to vacate the entry of default and/or for leave to file a late answer, and to prepare a report and recommendation on any such motion that is actually filed.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment, Dkt. No. 13, is **DENIED without prejudice**, and the case is referred to Judge Lovric to explore whether Kessler intends to file motions to vacate the entry of default and/or for leave to file a late answer, and to prepare a report and recommendation on any such motion that is actually filed.

**IT IS SO ORDERED.**

Dated: September 20, 2021

Thomas J. McAvoy
Senior, U.S. District Judge